UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**GREGORY SWECKER and
BEVERLY SWECKER,**

     *Plaintiffs,*

**v.**

                                 **Case No. 1:21-cv-3102-RCL**

**FEDERAL ENERGY REGULATORY
COMMISSION,**

     *Defendant.*

---

## <u>MEMORANDUM ORDER</u>

Plaintiffs Gregory and Beverly Swecker own and operate a wind turbine on their Iowa farm. The Sweckers brought this *pro se* action against the Federal Energy Regulatory Commission ("FERC") alleging common law negligence, a violation of 42 U.S.C. § 1983, and intentional inflection of emotional distress ("IIED"). Compl. ¶¶ 51–88, ECF No. 1. FERC has moved to dismiss under the theory that this Court lacks jurisdiction over most claims, and that Section 1983 does not allow for lawsuits against the federal government and its agencies and officers. Def.'s Mot. Dismiss 1, ECF No. 31. The Sweckers responded. Pls.' Opp'n, ECF No. 33. FERC replied. Def.'s Reply, ECF No. 34. The Sweckers have also moved to compel the government to respond to interrogatories, Pls.' Mot. Compel, ECF No. 27, moved for this Court to take judicial notice of various exhibits, Pls.' Mot. Judicial Notice, ECF No. 32,[1] and moved for leave to file an amended complaint, Pls.' Mot. Leave to File, ECF No. 35.

After considering the motion, the applicable law, and the parties' briefing, this Court will **GRANT** the defendant's motion to dismiss. The Court will also **DENY** the motion for leave to

---

[1] The Court **GRANTS** the motion to take judicial notice and has duly taken notice.

file an amended complaint, **DENY AS MOOT** the Sweckers' motion to compel, and **DISMISS WITHOUT PREJUDICE**.

## I.     BACKGROUND

The Sweckers have operated a turbine on their Iowa farm since 1999.  Compl. ¶¶ 11–12. Midland Power Cooperative ("Midland") is an electric utility in Greene County, Iowa which purchases electricity from the Sweckers.  *Id.* ¶¶ 14, 21.  The Sweckers have long disputed Midland's calculation of the cost to be paid by Midland, asserting that the utility is required to purchase electricity from them at a higher price.  The Sweckers' acrimonious relationship with Midland "has given rise to a number of heated disputes" resulting in "a veritable litany of lawsuits spanning the last two decades."  *Swecker v. United States*, No. 4:17-cv-00195 (RWP), 2017 WL 11467834, at *1–2 (S.D. Iowa Nov. 28, 2017).

The Sweckers have repeatedly, and unsuccessfully, petitioned FERC to initiate an enforcement action against Midland.[2]  The Sweckers have also initiated unsuccessful—or failed to defend themselves in—more than a dozen lawsuits related to their wind farm in both federal and State courts.[3]  Now, the Sweckers sue FERC and seek damages by alleging common law

---

[2] *See, e.g.*, *Swecker v. Midland Power Coop.*, 175 FERC ¶ 61,061, 2021 WL 1603289, *1 (Apr. 23, 2021); *Swecker v. Midland Power Coop.*, 155 FERC ¶ 61,237, 2016 WL 3167694, *1 (June 3, 2016); *Swecker v. Midland Power Coop.*, 149 FERC ¶ 61,236, 2014 WL 7205362, *1 (Dec. 18, 2014); *Swecker v. Midland Power Coop.*, 147 FERC ¶ 61,114, 2014 WL 1978994, *1 (May 15, 2014); *Swecker v. Midland Power Coop.*, 142 FERC ¶ 61,207, 2013 WL 1182419, *1 (Mar. 21, 2013); *Swecker v. Midland Power Coop.*, 136 FERC ¶ 61,085, 2011 WL 3417126, *1 (Aug. 5, 2011).

[3] *See, e.g.*, *Swecker v. FERC*, No. 1:21-cv-1590-RCL, 2022 WL 4534944, at *3 (D.D.C. Sept. 28, 2022); *Swecker v. FERC*, No. 20-1440, (D.C. Cir. Feb. 22, 2021); *Swecker v. Midland Power Coop.*, No. 18-1663, 2019 WL 3720879, *1 (Iowa Ct. App. Aug. 7, 2019); *Swecker*, 2017 WL 11467834, at *8, *aff'd sub nom. Swecker v. U.S. Dep't of Agric.*, 741 F. App'x 349 (8th Cir. Nov. 1, 2018), *cert. denied*, 139 S. Ct. 2645 (May 28, 2019); *Swecker v. Midland Power Coop.*, 253 F. Supp. 3d 274 (D.D.C. 2017), *aff'd*, 743 F. App'x 472 (D.C. Cir. Dec. 3, 2018) (per curiam); *United States v. Swecker*, No. 4:09-cv-00013 (CRW) (SBJ) (S.D. Iowa Nov. 10, 2016), *aff'd*, 743 F. App'x 65, 66 (8th Cir. Nov. 20, 2018) (per curiam), *cert. denied* 139 S. Ct. 2756 (June 24, 2019); *Swecker v. Midland Power Coop.*, No. 4:13-cv-00250 (JEG), 2013 WL 11311233, *1 (S.D. Iowa Dec. 30, 2013), *aff'd*, 807 F.3d 883 (8th Cir. 2015), *cert. denied*, 577 U.S. 1120 (Jan. 25, 2016); *Midland Power Co-op. v. Swecker*, No. 09-1218, 2010 WL 2598291, *2–3 (Iowa Ct. App. June 30, 2010); *Swecker v. FERC*, No. 06-1170 (D.C. Cir. May 7, 2007), ECF No. 1039008; *Swecker v. Veneman*, No. 4:04-cv-90415, 2005 WL 8157893, *1 (S.D. Iowa July 28, 2005), *aff'd sub nom. Swecker v. Johanns*, 214 F. App'x 625 (8th Cir. Jan. 29, 2007), *cert. denied*, 552 U.S. 826 (Oct. 1, 2007);

negligence, a violation of 42 U.S.C. § 1983, and IIED, all predicated on the same theory as their

previous suits: FERC's failure to pursue an enforcement action against Midland.  Compl. ¶¶ 51–

88.

## II.      LEGAL STANDARDS

### A.  Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

In order for a lower federal court to have subject-matter jurisdiction over a case or

controversy, Congress must provide such jurisdiction by statute within the bounds of the

Constitution's grant of jurisdiction in Article III.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

U.S. 375, 377 (1994).  Generally, the parameters of subject-matter jurisdiction for lower federal

courts are set forth in 28 U.S.C. §§ 1331 and 1332.  The former, setting out what is known as

federal-question jurisdiction, provides for jurisdiction when "civil actions aris[e] under the

Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The latter, setting forth

what is known as diversity jurisdiction, provides for jurisdiction over civil actions where the

amount in controversy exceeds $75,000 and there is diverse State citizenship between the parties.

*Id.* § 1332.  "It is well established, however, that the United States is not a citizen for diversity

purposes and that U.S. agencies cannot be sued in diversity."  *Com. Union Ins. Co. v. United States*,

999 F.2d 581, 584 (D.C. Cir. 1993) (internal quotation marks omitted).

Adequate grounds for subject-matter jurisdiction must be pled by the plaintiff, Fed. R. Civ.

P. 8(a), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  In other words, even when "neither party

---

*Windway Techs., Inc. v. Midland Power Co-op.*, 696 N.W.2d 303 (Iowa 2005), *cert. denied sub nom. Swecker v. Midland Power Co-op.*, 552 U.S. 978 (Oct. 15, 2007); *Windway Techs. Inc. v. Midland Power Coop.*, No. 3:00-cv-03089 (MWB) (N.D. Iowa Mar. 5, 2001), ECF No. 14; *Swecker v. Midland Power Coop.*, No. FCU-99-3, 2000 WL 1471588, *1 (Iowa Utils. Bd. Aug. 25, 2000), *aff'd sub nom. Off. of Cons. Advoc. v. Iowa Utils. Bd.*, 656 N.W.2d 101 (Iowa 2003); *Swecker v. U.S. Dep't of Agric.*, No. 4:96-cv-80430 (CRW) (S.D. Iowa Jan. 2, 1997), ECF No. 13.

presents the issue, a court must dismiss a case when it lacks subject matter jurisdiction." *Masoud v. Suliman*, 816 F. Supp. 2d 77, 79 (D.D.C. 2011).  And while the Court may look outside of the complaint to evaluate whether jurisdiction exists, *id.* at 80, the Court must be able to assure itself that it is acting within its jurisdictional authority.  *Id.* at 79.  It is the "[p]laintiff [who] bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).  Federal courts will ordinarily consider the factual allegations in the complaint as true for this analysis. *Khan v. Holder*, 134 F. Supp. 3d 244, 249 (D.D.C. 2015).

"Absent [consent by the federal government] the doctrine of sovereign immunity shields the federal government from suit" by depriving courts of jurisdiction. *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).  One means by which the United States has consented is the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*  It "represents a limited waiver of the government's sovereign immunity" and thereby provides jurisdiction in the federal district courts for certain civil actions for money damages. *Id.*  "To survive a Rule 12(b)(1) motion to dismiss an FTCA claim, the plaintiff must plausibly allege facts sufficient to invoke the statute's waiver of sovereign immunity." *Lamb v. United States*, No. 21-cv-3000 (RDM), 2022 WL 2966337, at *2 (D.D.C. July 26, 2022).

A plaintiff proceeding *pro se* is held to a "less stringent" standard than a lawyer, and a court must construe the plaintiff's claims liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, a *pro se* plaintiff is not exempt from the requirements of the federal rules. *See Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009).  That includes rules for alleging subject-matter jurisdiction. *See, e.g.*, *Xiu Jian Sun v. Obama*, No. 1:21-cv-1442 (JDB),

2021 WL 2291941, at *1 (D.D.C. June 4, 2021), *aff'd sub nom. Sun v. Obama*, No. 21-5147, 2021 WL 4765429 (D.C. Cir. Oct. 1, 2021), *cert. denied,* 142 S. Ct. 1207 (2022).

### B.  Motion to File an Amended Complaint Under Federal Rule of Civil Procedure 15

"A party may amend its pleading once as a matter of course" within twenty-one days of two designated events.  Fed. R. Civ. P. 15(a)(1).  After that time has elapsed, the initial pleading may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Leave should be granted "freely . . . when justice so requires." *Id.*  However, leave may be properly denied in several circumstances, including "if the amended pleading would not survive a motion to dismiss."  *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010).

## III.   DISCUSSION

The Sweckers' complaint must be dismissed because the Sweckers have failed to demonstrate that the Court has subject-matter jurisdiction over their claims.  Furthermore, the Sweckers' motion for leave to file an amended complaint will be denied because it similarly fails to demonstrate subject-matter jurisdiction and would not survive a motion to dismiss on those grounds.

### A.  The Court Does Not Have Jurisdiction Over Counts I and III

Counts I and III of the Sweckers' complaint fail to provide the Court with jurisdiction. Count I alleges "Negligence" with the accompanying paragraphs describing a claim for common law negligence under the law of the District of Columbia.  Compl. ¶¶ 51–64.  Count III alleges IIED with the accompanying paragraphs describing a claim for common law IIED under the law of the District of Columbia.  *Id.* ¶¶ 75–88.  Such common law claims are inappropriate when asserted against the United States or a federal agency like FERC.  Instead, "[t]he exclusive remedy

for torts committed by Government employees in the scope of their employment is a suit against the Government itself under the [FTCA]." *Wilson v. U.S. Dep't of Transp.*, 759 F. Supp. 2d 55, 64 (D.D.C. 2011).

However, because the Sweckers are *pro se* litigants, the Court will liberally construe their complaint to be asserting negligence and IIED within the bounds of the FTCA.  The Court will also construe the complaint's language as pursuing the United States of America directly, *see* Compl. at 1 (noting that "Gregory and Beverly Swecker . . . bring[] this Complaint for Damages against Defendant The United States of America and its Federal Agency, [FERC]"), since federal agencies are not proper defendants under the Act.  *See Stone v. United States Dep't of State*, No. 21-cv-3244 (RC), 2022 WL 4534732, at *12 (D.D.C. Sept. 28, 2022).  Even with such a generous understanding of the complaint, the Court is still deprived of subject-matter jurisdiction because of an exception to the federal government's waiver of sovereign immunity in the FTCA.

Under the FTCA, the federal government has not waived sovereign immunity, and therefore jurisdiction does not lie, when a claim is

> based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).  This is commonly known as the "discretionary function exception."  *United States v. Gaubert*, 499 U.S. 315, 322 (1991).

To determine whether the discretionary function exception applies, courts apply "a two-part test."  *Shuler v. United States*, 531 F.3d 930, 933 (D.C. Cir. 2008).  First a court must determine whether the government employee had  discretion by deciding "whether a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow.'"

*Id.* (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).  Second, "even if the challenged conduct does involve an element of discretion [a court] must also look to whether 'the action challenged in the case involves the permissible exercise of policy judgment.'"  *Id.* (quoting *Berkovitz*, 486 U.S. at 537).

Here, the challenged agency action falls rather cleanly into both categories.  The Sweckers argue that FERC's decision not to pursue an enforcement action was negligent.  Compl. ¶¶ 51–64.  And they argue that this failure constituted intentional infliction of emotion distress on the Sweckers.  *Id.* ¶¶ 75–88.  As this Court has already explained, "FERC's decision not to bring enforcement actions . . . is committed to FERC's discretion by law."  *Swecker*, 2022 WL 4534944 at *3.  That decision was in the context of an Administrative Procedure Act challenge, but the principles in this context are ultimately nearly identical.  Under the first prong of the discretionary function exception, the Court must consider whether the agency was required to follow a certain path when making its decision, or whether instead it had the discretion to choose among various paths.  *See Shuler*, 531 F.3d at 933.  Across all of their lawsuits, including this one, the Sweckers have been unable to point to any source of law indicating that FERC had only a single course of action that it was required to follow.  To the contrary, "FERC's enforcement responsibility is decidedly discretionary."  *Swecker*, 2022 WL 4534944 at *4.  The first prong is accordingly satisfied.

As for the second prong of the discretionary function exception, the choice of whether to pursue an enforcement action in the agency's discretion is "directly related to public policy considerations regarding federal oversight."  *See Gaubert*, 499 U.S. at 332.  The Court will not, and indeed may not, engage in "judicial 'second-guessing' of [discretionary] legislative and administrative decisions grounded in social, economic, and political policy through the medium of

an action in tort." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, 467 U.S. 797, 814 (1984).  The second prong is therefore satisfied as well.

Because the discretionary function exception plainly prevents the Court from exercising jurisdiction over Counts I and III, the Court need not consider any alternative bases that might also deprive it of jurisdiction for Counts I and III.

### B.   The Court Does Not Have Jurisdiction Over Count II

Count II alleges "Violation of 42 U.S.C. § 1983 and FTCA" with the accompanying paragraphs focusing almost exclusively on describing how Section 1983 operates and the Sweckers' complaints about FERC's actions.  Compl. ¶¶ 65–74.  That Count also fails to provide a basis for jurisdiction.

Section 1983 does not waive the sovereign immunity of the federal government and its agencies and therefore this Court does not have jurisdiction over a Section 1983 claim here.  *See Way v. Johnson*, 893 F. Supp. 2d 15, 22 (D.D.C. 2012).  As for the cursory mention of the FTCA, the Court has already liberally construed the complaint to be pursuing the torts theories in Counts I and III under the FTCA.  Count II contains no additional theories or factual matter that could support a tort other than negligence or IIED.  Because the torts alleged in Counts I and III fail to establish a waiver of sovereign immunity, and thereby subject-matter jurisdiction in this Court, the reference to the FTCA in Count II fails to do so as well.

### C.   The Sweckers' Motion for Leave to File an Amended Complaint Fails

Because the Sweckers filed their motion for leave to file after time had elapsed[4] to amend as a matter of course, the Court must either grant leave to file, or the Sweckers must obtain the

---

[4] The government's motion to dismiss was served on August 19, 2022, and the Sweckers failed to file an amended complaint by September 9, 2022—at which point the 21-day window to file as a matter of course expired.

opposing party's written consent.  *See* Fed. R. Civ. P. 15(a)(1).  The Sweckers failed to obtain consent and therefore the Court must decide whether it will grant leave to file.

The Court will deny the Sweckers leave to file given that the amended complaint, just like the original complaint, would not survive a motion to dismiss for lack of jurisdiction.  *See In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d at 218.  The amended complaint differs from the original complaint in two ways.  First, the Sweckers have included "newly found caselaw authority" on the discretionary function exception.  Pls.' Mot. Leave to File 2.  Second, they "seek to add constitutional rights violations and accompanying allegations." *Id.*  Both additions are ultimately futile because they do not establish subject-matter jurisdiction in this Court.

For the additional discretionary function material, the Sweckers failed to add any additional allegations, or legal support, that would alter the Court's earlier conclusion.  *See* Proposed Am. Compl. ¶¶ 65–81, ECF No. 35-1.  Accordingly, granting leave to file would be futile.  Even with the additions to the original complaint, FERC's choice here was discretionary and based on the kind of social, economic, and political policy choices that are protected by the exception.

For the constitutional claims, the Sweckers' argument fails because the United States and federal agencies maintain sovereign immunity from damages actions for constitutional violations. Specifically, the federal government has not waived sovereign immunity for constitutional claims for damages.  *See Jackman v. United States*, 604 F. Supp. 2d 84, 89 n.5 (D.D.C. 2009).  That defeats the Sweckers' claims no matter how liberally the Court construes their complaint— whether it be theorized under the FTCA or directly under the Constitution itself.  *Id.*; *FDIC v. Meyer*, 510 U.S. 471, 477–78, 486 (1994).

Because the Sweckers' amended complaint would not survive a motion to dismiss, the Court will deny them leave to file it.

### IV.    CONCLUSION

Even construing the Sweckers' *pro se* complaint liberally, the Sweckers have failed to demonstrate that this Court has subject-matter jurisdiction over their claims.  Their proposed amended complaint suffers from the same defect.  Therefore, the Court hereby **ORDERS** that FERC's motion to dismiss be **GRANTED**, the Sweckers' motion for leave to file an amended complaint be **DENIED**, the Sweckers' motion to take judicial notice be **GRANTED**, and that this case be **DISMISSED WITHOUT PREJUDICE**.  The Court further **DENIES AS MOOT** the Sweckers' motion to compel.

**IT IS SO ORDERED**.

Date: March __24__, 2023

Royce C. Lamberth
United States District Judge